# CHARLESTON

## STATE *v*. ROBERTS.

Submitted June 6, 1908. Decided December 9, 1908.

CRIMINAL LAW—*Appeal—Conflicting Evidence—New Trial.*

When, upon a conviction for malicious shooting, the only question is whether the accused acted in self-defence, and the evidence as to it is materially conflicting, the supreme court will not grant a new trial. (p. 499.)

Error to Circuit Court, Cabell County.

William Roberts was convicted of malicious shooting, and brings error.

*Affirmed.*

WILLIAMS, SCOTT & LOVETT and MARCUM & SHEPPARD, for plaintiff in error.

WM. G. CONLEY, Attorney-General, and GEO. S. WALLACE, for the State.

BRANNON, JUDGE:

William Roberts was found guilty by a jury of maliciously shooting Lewis Bevans, in the criminal court of Cabell county, and sentenced to the penitentiary for two years, and after refusal of a writ of error by the circuit court obtained such writ from this Court.

There is no brief on either side. There is no place for a brief. A very considerable volume of oral evidence by a number of witnesses is in the case, and it is very conflicting. That Roberts shot Bevans three times is proven by eye witnesses and by his own evidence. The only question is self defence upon very conflicting evidence. This is peculiarly a question for the jury and trial-court. This Court cannot set aside a verdict under such circumstances. A cloud of cases tell us this. *State* v. *Newman*, 49 W. Va. 724; *State* v. *Morgan*, 35 *Id*. 260; *State* v. *Bowyer*, 43 *Id*. 180. The case being "dependent upon conflicting oral evidence, thus making the credibility of witnesses an important factor," the verdict approved by trial court, must stand, even if we could say there was excess in *quantum* of evidence in behalf of defendant. *Fulton* v. *Crosby-Beckley Company*, 57 W. Va. 91. *Hill's Case*, 2 Grat. 594, says that it is an abuse of power for this Court to set aside a verdict merely because its members would not have so found. I think the verdict is sustained by the evidence.

*Affirmed.*